[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 1, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15393
Non-Argument Calendar

_____

BIA Nos.
A79-573-230 & A79-573-231

BHUPINDER SINGH,
BINEET KAUR,
DAVINDER KAUR,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 1, 2006)**

Before TJOFLAT, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Bhupinder Singh, his wife, Davinder Kaur, and his daughter, Bineet Kaur, through counsel, seek review of the Board of Immigration Appeals ("BIA's") decision, affirming the Immigration Judge ("IJ's") order denying their application for asylum.[1] According to Singh, in 1984, following the assassination of Indira Gandhi, prime minister of India, high ranking leaders of the Hindu Congress orchestrated riots on the Sikh religious community. At that time, his family owned a jewelry shop, which was destroyed by a mob during the riot. In 1996, the Indian government created a "Citizens" commission to investigate the 1984 riot, which requested affidavits from the families of the riot's victims, addressing their losses. Singh filled out an affidavit regarding the losses and damages suffered by his family, and also named a few local political leaders and two police officers, whom he alleged had been involved in the looting of his jewelry shop.

On appeal, Singh argues that the IJ erred in denying his claim for asylum because he established that he had a well-founded fear of persecution should he return to India on account of his religion, his membership in the Sikh religious community, and his political activities in identifying to authorities the persons who had participated in the looting of his jewelry store. He claims that he gave credible testimony that: (1) he had been arrested and detained on three occasions where he

---

[1] Bhupinder Singh was the main applicant for asylum, with his wife and daughter making derivative claims.

was physically assaulted; (2) he continues to be threatened with death and other punishment from police officers that he had identified as being involved in the looting of his jewelry store; and (3) his son was killed by the authorities in retaliation. He claims that, by introducing relevant evidence that the government of India has systematically permitted the Hindu majority in India to discriminate against and harass the Sikh minority, he has shown that he was persecuted on account of his membership in the Sikh community. He claims that he was discriminated against on account of his political activity because his action in identifying the participants who looted his store to the commission was political in nature, as his provision of testimony was in response to the legislative enactment of the committee to investigate the 1984 riots, and is analogous to the political act of petitioning the government to correct abuses of power.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA adopted the IJ's opinion. "To the extent that the BIA's decision was based on a legal determination, [our] review is de novo." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). The BIA's "findings of fact are reviewed under the substantial evidence test," and we must affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Antipova v.U.S. Att'y Gen., 392 F.3d 1259,

3

1261 (11th Cir. 2004) (quotation omitted). Under this highly deferential standard of review, a denial of asylum may be reversed only if the evidence would compel a reasonable factfinder to conclude that the requisite fear of persecution exists. INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S.Ct. 812, 815 n.1, 117 L.Ed.2d 38 (1992). "[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

The Attorney General or the Secretary of Homeland Security has discretion to grant asylum if an alien meets the Immigration and Nationality Act ("INA's") definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is:

> any person who is outside any country of such person's nationality. . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. Najjar, 257 F.3d at 1284. In order to carry this burden, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the

4

statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Najjar, 257 F.3d at 1287. "It is not enough to show that []he was or will be persecuted or tortured due to [his] refusal to cooperate." See Sanchez v. U.S. Attorney Gen., 392 F.3d 434, 438 (11th Cir. 2004).

In the absence of past persecution, "the petitioner must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006). "The subjective component can be proved 'by the applicant's credible testimony that he or she genuinely fears persecution,' while the objective component 'can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution.'" Id. (citation omitted). If the IJ finds that the alien could avoid a future threat by relocating to another part of his country, he cannot demonstrate past persecution or a well-founded fear of persecution. See 8 C.F.R. § 208.13(b)(1)-(2).

"Not all exceptional treatment is persecution." Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000). Persecution is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (citation and quotation marks omitted). While we have not addressed directly whether a short detention, during which the

5

petitioner was physically assaulted and suffered minor physical injuries, may rise to the level of persecution, we recently held, in <u>Zheng v. U.S. Attorney General</u>, No. 05-12818, man. op. at 7 (11th Cir. June 14, 2006), that evidence of a five-day detention without physical injury does not compel the conclusion that the alien had suffered past persecution. In <u>Zheng</u>, the petitioner had been detained for five days, dragged by his arms to a detention yard, and then made to sit in the sun for two hours. <u>Id.</u> at 2.

Here, substantial evidence supports the IJ's decision that the petitioners failed to meet their burden of proof for asylum because (1) evidence that Singh was threatened, harassed, and detained on three separate occasions did not compel a finding that he experienced past persecution or had a well-founded fear of future persecution, and (2) the police harassed Singh only because they wanted him to remove their names from a report. Accordingly, we deny the petition.

**PETITION DENIED**